IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY W. PANAYI,<br><br>    *Plaintiff*,<br><br>v.<br><br>SIX FLAGS OVER TEXAS, INC.,<br><br>    *Defendant*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## Plaintiff's Original Complaint

To the Honorable Court:

Plaintiff Larry W. Panayi ("Panayi") complains of Defendant Six Flags Over Texas, Inc. ("Six Flags" or "Defendant"), and would show as follows:

## I. Introduction

1.   This is a disability discrimination action under the Americans with Disabilities Act and the disability discrimination provisions of the Texas Human Resources Code. Plaintiff Panayi has one good leg; the other is missing. As do millions of other people, he enjoys riding amusement rides at amusement parks. Defendant operates the Six Flags amusement park in Arlington, Texas. While it offers patrons a wide range of activities, it is most well-known for its roller coasters and other rides. Recently Six Flags changed its policy regarding rider qualifications for many of the rides in its park, particularly with respect to disabled riders. Disappointingly, Defendant has

implemented an unlawful policy of discrimination based on disability under which it categorically refuses to permit park patrons to ride a variety of rides if they are missing a leg. On Plaintiff Panayi's two most recent visits to the park, Defendant's employees refused to permit him to ride multiple rides that he had ridden without difficulty before Defendant implemented its unlawful "no leg, no ride" policy of disability discrimination. Defendant's employees refused to permit him to ride the rides in question because he is missing one leg. Consequently, Plaintiff Panayi has been forced to bring this action against Six Flags for its violations of Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181 *et seq.* ("ADA"), and Chapter 121 of the Texas Human Resources Code, § 121.001, *et seq.* ("THRC").

## II. Jurisdiction and Venue

2. This court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (4). Plaintiff requests that this Court exercise its supplemental jurisdiction over Plaintiff's THRC claim under authority of 28 U.S.C. § 1367. Plaintiff's THRC claims depend upon the same facts as Plaintiff's federal claims.

3. Venue is proper in this Court under 28 U.S.C. § 1391. Plaintiff's claims arose in this district and a substantial portion of the unlawful acts that make up the basis of this complaint occurred within this district. Further, Defendant maintains offices in this district, including its principal executive offices, and conducts business in this district.

## III. Parties

4. Plaintiff Larry W. Panayi ("Panayi") is a resident of Tarrant County, Texas.

5. Defendant Six Flags Over Texas, Inc., is a Delaware corporation with its principal place of business in Tarrant County, Texas. Defendant Six Flags Over Texas, Inc., may be served by serving its registered agent in Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV. Statement of Facts

### A.

6. Panayi is an otherwise able-bodied adult male who lost a leg in an automobile accident while he was serving in the United States military. Since then, Panayi has adapted to the change in his condition and leads a largely normal life. Panayi goes through his day-to-day life both using a prosthetic leg and without one, depending on the situation. Panayi has trained himself to perform daily tasks so that he may live as fully and independently as he can.

7. Panayi has repeatedly frequented amusement parks in his lifetime, including Six Flags Over Texas. Panayi has enjoyed the park's rides for many years as an amputee. Panayi has ridden almost every ride at this park, and has also ridden similar rides at other amusement parks, without difficulty and without posing a direct threat to the health or safety of himself or others. Not once has he suffered an injury on a roller coaster or other ride.

8. In July of 2013, Panayi visited the Six Flags amusement park in Arlington, Texas, with some of his relatives. Unfortunately, when Panayi went to ride several of the amusement rides in the park he was turned away and denied his right to board and ride the rides in question. Defendant's sole stated reason for refusing to permit Panayi to ride the rides in question was his disability, to-wit, the fact that he is missing one leg. Before

this, Panayi had never been turned away from any amusement park ride, including those operated by Defendant. Plaintiff was humiliated, embarrassed and confused as to why his disability disqualified him from being able to ride the rides in question as he had many times without incident in his past visits to the Six Flags amusement park.

9. In January of 2014, Panayi again visited the Six Flags amusement park in Arlington, Texas. Once again, when Panayi went to ride several of the amusement rides in the park he was summarily turned away and denied his right to board and ride the rides in question. Defendant's sole stated reason for refusing to permit Panay to ride the rides in question was his disability, to-wit, the fact that he is missing one leg.

**B.**

10. Defendant's refusal to permit Panayi to ride the amusement rides in question was based on Defendant's "Extremity Requirements" for those rides. The Extremity Requirements appear in Defendant's "Safety & Accessibility Guide" which was in place at the time of Panayi's visits in July 2013 and January 2014. Defendant had an "Executive Committee" devise the Extremity Requirements and implemented them in 2012. Under Defendant's Extremity Requirements, Panayi is prohibited from riding:

   a. Batman the Ride, a roller coaster ride (an inverted looping coaster) requiring "at least two (2) natural legs with lower extremities to the knee on both legs";

    b. Conquistador, a swing ride (swinging ship) requiring "two (2) natural functioning legs with two (2) natural feet in order to ride"[1];

    c. El Sombrero, a spinning hat ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    d. Judge Roy Scream, a wooden roller coaster ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    e. Freeze Reverse Blast, a launched roller coaster ride requiring "two (2) natural functioning legs with two (2) natural functioning feet in order to ride";

    f. New Texas Giant, a hybrid roller coaster ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    g. Pandemonium, a roller coaster ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    h. Rodeo, a spinning ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    i. Shock Wave, a looping roller coaster ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride";

    j. Silver Star Carousel, a low speed antique carousel ride requiring "one (1) natural functioning leg with a natural foot, and a second natural functioning leg to the knee to utilize a horse";

---

[1] Defendant's Extremity Requirements specify that a "[f]unctioning leg is a leg with a foot." Defendant's Extremity Requirements also provide that "[a] functioning extremity is a limb over which a person has control. A prosthetic device is not considered a functioning extremity."

    k. Six Flags Speedway, a go cart ride (a flat ride) requiring "two (2) full legs";

    l. Texas SkyScreamer, a spinning swing ride requiring "at least two (2) natural legs with lower extremities to the knee on both legs in order to ride"; and

    m. Titan, a steel roller coaster ride requiring "two (2) natural functioning legs with two (2) natural feet in order to ride."

11. The impact of the Extremity Requirements is significant. Of some 40 rides, Panayi is excluded from riding nearly 1/3 of the rides overall (13 of the rides); some 59% of the adult rides; nearly 2/3 of the roller coasters; and most of the rides that Six Flags classifies as "High Thrill" rides, including Batman The Ride, Judge Roy Scream, Freeze Reverse Blast, New Texas Giant, Pandemonium, Shock Wave, Texas SkyScreamer, and Titan.

12. The Extremity Requirements in question as applied to Panayi are not necessary for the safe operation of the rides in question. Panayi could safely ride each of the rides, with or without his prosthetic, as the case may be, and has ridden many of them in the past without incident, without injury to himself or others, and without posing a direct threat to the health or safety of himself or others, but is now prevented from doing so by Defendant's Extremity Requirements and Defendant's failure to accommodate his disability as required by the ADA and the Texas Human Resources Code.

### C.

13. Plaintiff wishes to continue patronizing the Six Flags amusement park but is being deterred and excluded from doing so because of Defendant's discriminatory

policies, which have deterred him from returning to Six Flags and excluded him from enjoying the full range of rides at the park. Defendant has instituted discriminatory policies and practices that deny Plaintiff, and otherwise similarly situated disabled persons, the full and equal use of the amusement rides in question, and has failed to ensure that its policies and practices do not subject persons with disabilities, such as Plaintiff, to discrimination on the basis of speculation, stereotypes, and generalizations about their disability.

14.   Until the discriminatory policies are changed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to the Six Flags amusement park and will continue to be denied the same full and equal access to and use of the amusement park rides in question as Defendant offers to the general public.

15.   As a result of Defendant's discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and/or deterred from accessing and using Defendant's and facilities to the same extent as, and in a manner equal to, his peers with two legs. Plaintiff has suffered discrimination, deterrence, humiliation, distress, and embarrassment, all to his damage. Through this lawsuit, Plaintiff seeks (i) a declaration that Defendant's Extremity Requirements, as applied to otherwise able-bodied persons missing one leg, violate the Americans with Disabilities Act and Chapter 121 of the Texas Human Resources Code; (ii) compensation for his injuries as the result of Defendant's discriminatory conduct and actions, including statutory damages under the Texas Human Resources Code; (iii) an injunction prohibiting Defendant to from discriminating against him in the future by

refusing him full and equal access to its amusement park rides based on the fact that he is missing one leg; and (iv) court costs and reasonable attorneys' fees.

## VI. Causes of Action

### Count 1.
### Violation of the Americans with Disabilities Act – Title III

16. Panayi is a person with a disability under 42 U.S.C. § 12102(1)(A). He is missing a leg, which satisfies the first definition of disability under that section because it is "a physical or mental impairment that substantially limits one or more major life activities."

17. Alternatively, Panayi was "regarded as having such an impairment" by Defendant. Defendant subjected Panayi to its policy because of an actual or perceived physical impairment and Panayi's impairment is not transitory or minor as it is something Panayi must live with every day, for the rest of his life.

18. Defendant operates a public accommodation. Six Flags Over Texas is an amusement park which is expressly included in the definition of "public accommodation" under the ADA.

19. Defendant has discriminated against Panayi on the basis of his disability by improperly imposing the Extremity Requirements for the 13 rides listed above. *See* 42 U.S.C. § 12182(b)(2)(A)(i) (discrimination under the ADA includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability... from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the

provision of the goods, services, facilities, privileges, advantages, or accommodations being offered."). Defendant has, among other violative conduct:

   a. imposed Extremity Requirements, as described above, that screen out individuals with disabilities from the full and equal enjoyment of Defendant's amusement rides;

   b. imposed Extremity Requirements, as described above, that are not based on actual risks but rather on speculation, stereotypes, or generalizations about individuals with disabilities, *see* 28 C.F.R. § 36.301(a) & (b) ("Safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities."); and

   c. imposed Extremity Requirements, as described above, without making individualized assessments, based on reasonable judgments and objective evidence, to determine whether otherwise able-bodied persons missing a single leg pose a direct threat to the health and safety of others on each of the rides in question, *see* 28 C.F.R. § 36.208.[2]

---

[2] Under the ADA, "The term 'direct threat' means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." 42 U.S.C. § 12182(b)(3). The determination that a disabled individual is a direct threat is an "individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: The nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk." 28 C.F.R. § 36.208(b).

20. Defendant has also discriminated against Panayi on the basis of his disability by failing to make reasonable modifications to its discriminatory policy to allow Panayi to ride the rides, even where such a modification would not fundamentally alter the nature of the rides or Defendant's provision of the rides to non-disabled persons. *See* 42 U.S.C. § 12182(b)(2)(A)(ii) (discrimination under the ADA includes the "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.").

21. Defendant has also discriminated against Panayi on the basis of his disability by failing to provide such auxiliary aids or services as may be needed to allow Panayi to ride the rides – e.g., a car or seat with an enhanced passenger restraint system – even where the provision of such auxiliary aids or services would not fundamentally alter the nature of the rides or Defendant's provision of the rides to non-disabled persons, and would not result in an undue burden, i.e., significant difficulty or expense. *See* 42 U.S.C. § 12182(b)(2)(A)(iii) (discrimination under the ADA includes the "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden"); 28 C.F.R. § 36.303(a).

## Count 2.
## Violation of the Texas Human Resources Code – Chapter 121

22. "Persons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code § 121.003(a).

23. Panayi is a person with a disability within the meaning of Chapter 121 of the Texas Human Resources Code because he only has one leg.

24. Defendant operates an amusement park called Six Flags Over Texas, which is a public facility within the meaning of Chapter 121 of the Texas Human Resources Code because it is a place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited.

25. Defendant's repeated refusals to admit Panayi to ride the rides in question based on his disability, to-wit, the fact that he is missing one leg, were in violation of § 121.003(c) of the THRC. *See* Tex. Hum. Res. Code § 121.003(d) ("[t]he discrimination prohibited by this section includes a refusal to allow a person with a disability to use or be admitted to any public facility").

26. Defendant's failures and refusals to make reasonable accommodations in its policies, practices, and procedures in order to permit Plaintiff, and other otherwise able-bodied persons missing one leg, to ride the rides in question, were in violation of § 121.003(c) of the THRC. *See* Tex. Hum. Res. Code § 121.003(d)(2) ("[t]he discrimination prohibited by this section includes … a failure to: make reasonable accommodations in policies, practices, and procedures").

27. Defendant's failures and refusals to provide such auxiliary aids and services as may be necessary to allow the full use and enjoyment of the amusement rides in question by Plaintiff, and other otherwise able-bodied persons missing one leg, were in violation of § 121.003(c) of the THRC. *See* TEX. HUM. RES. CODE § 121.003(d)(3) ("[t]he discrimination prohibited by this section includes … a failure to: provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.").

28. Each refusal by Defendant to permit Plaintiff to ride one of the amusement rides in question constituted a separate violation of the THRC.

29. Each failure and refusal by Defendant to make reasonable accommodations in its policies, practices, and procedures in order to permit Plaintiff, and other otherwise able-bodied persons missing one leg, to ride the rides in question constituted a separate violation of the THRC.

30. Each failure and refusal by Defendant to provide such auxiliary aids and services as may be necessary to allow the full use and enjoyment of the amusement rides in question by Plaintiff, and other otherwise able-bodied persons missing one leg, constituted a separate violation of the THRC.

31. Defendant's violations of the Texas Human Resources Code entitle Plaintiff to statutory damages under 121.004 Texas Human Resources Code for the July 2013 violations under the version of the statue then in effect, and for the January 2014 violations under the statute as amended effective January 1, 2014.

## VII. Jury Demand

32. Plaintiff respectfully demands a jury trial.

## VIII. Attorney's Fees

33.     Plaintiff is entitled to an award of attorney's fees, including litigation expenses, and costs, under the remedial provisions of the ADA. *See* 42 U.S.C. § 12205.

## IX. Relief Requested and Prayer

34.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and that, after a trial, Plaintiff be awarded:

- a. A declaration that Defendant's Extremity Requirements, as applied to otherwise able-bodied persons missing one leg, violate the Americans with Disabilities Act and Chapter 121 of the Texas Human Resources Code;
- b. Compensatory damages;
- c. Statutory damages under 121.004(b) of the Texas Human Resources Code for the July 2013 violations under the version of the statue then in effect, under which there is a conclusive presumption of damages in the amount of at least $100 to the person with a disability for each violation, and for the January 2014 violations under the statute as amended effective January 1, 2014, under which there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability for each violation;
- d. An injunction prohibiting Defendant to from discriminating against him in the future by refusing him full and equal access to the amusement park rides in question based on his disability, to-wit, the fact that he is missing one leg;
- e. Expert witness fees;

    f.  Attorney's fees, including litigation expenses, and costs;

    g.  Costs of court;

    h.  Pre-judgment and post-judgment interest as permitted by law; and

    i.  All such other and further relief as may be necessary to eradicate the effects of Defendant's unlawful discriminatory practices, and to which Plaintiff may show himself entitled, whether at law or in equity, whether general or special.

Respectfully submitted,

/s/ James A. McCorquodale
_____

James A. McCorquodale
Texas State Bar No. 13464900
A M LAWYERS
4015 Main Street, Suite 200
Dallas, Texas 75226
Tel. (214) 712-4472
Fax (815) 572-9448
Email: sandy @ theamlawyers.com
*Counsel for Plaintiff Larry W. Panayi*